AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ledalbys Arias-Almeyda | ) Case No. 19-4570MJ | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
DEC 27 2019
MITCHELL R. ELFERS
CLERK OF COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of    December 24, 2019    in the county of    Dona Ana    in the
_____ District of    New Mexico   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. 111(a)(1) | Assaulting a Federal Officer Involving Physical Contact |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Matthew Ray
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/27/19

_____
Judge's signature

City and state:    Las Cruces, New Mexico        Carmen E. Garza, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AFFIDAVIT FOR COMPLAINT**

I, Matthew Ray, being duly sworn, hereby depose and state as follows:

1. This affidavit is made in support of a criminal complaint charging Ledalbys Arias-Almeyda (Arias-Almeyda) with a violation of Title 18 U.S.C. § 111(a)(1), which makes it a crime for any person to assault, resist, impede, intimidate or otherwise interfere with a federal officer while engaged in or on account of the officer's official duties, when the acts involve physical contact.

2. I am a Federal Bureau of Investigation (FBI) Special Agent (SA) currently assigned to the Albuquerque Division, Las Cruces Resident Agency. I have been employed by the FBI since July 2018. As an FBI SA, I am charged with investigating various violations of federal statutes including violations of 18 U.S.C. § 111(a)(1), assaults on federal agents.

3. I am familiar with the facts and circumstances of the investigation into Arias-Almeyda. The information set forth in this affidavit has been derived from my own investigation or communicated to me by other sworn law enforcement officers or reliable sources. I have not included all facts known to me concerning this matter, but only facts necessary to set forth probable cause.

4. On December 24, 2019, Border Patrol Agent (BPA) A. M. was on duty assigned to the Mount Cristo Rey area in Sunland in Park, New Mexico. BPA A.M. was in uniform bearing the insignia of the USBP.

5. In the early morning hours of December 24, 2019, BPA A.M. received a sensor alarm notification of movement near Mount Christo Rey. BPA A.M responded in a marked USBP vehicle to the location of the alarm. BPA A.M. saw a group of at least ten people moving toward the United States from Mexico. BPA attempted to deter the group from entering the U.S. by verbally instructing them to turn south. Upon hearing BPA A.M.'s command, the group began to run toward the U.S.

6. BPA A.M. activated his Border Patrol vehicle's lights and sirens and drove north of the group. After again instructing the group to turn back, BPA A.M. dismounted his vehicle

and pursued the group on foot in an attempt to physically restrain an unidentified male (UM1). While he was attempting to restrain UM1, Arias-Almeyda approached BPA A.M. from behind and began to pull on his equipment in an apparent attempt to prevent BPA A.M. from detaining UM1. Arias-Almeyda then bit BPA A.M on his right bicep, breaking the skin.

7. BPA A.M. released UM1 and attempted to subdue Arias-Almeyda. UM 1 picked up a large rock. When BPA A.M. turned his attention to UM1, Arias-Almeyda picked up a rock which she threatened to throw at BPA A.M.

8. BPA A.M. drew his service pistol and instructed UM1 and Arias-Almeyda to put down the rocks. Both complied. BPA A.M. holstered his service pistol and moved to restrain Arias-Almeyda. As he did so, UM1 fled the scene. After detaining Arias, BPA. A.M. detained two more individuals, a female Y.G. and a male, S.A.. BPA A.M. transported the three individuals to the Santa Teresa Border Patrol Station.

9. At Approximately 1:45 p.m. Federal Bureau of Investigation (FBI) Special Agents (SA) conducted a custodial interview of Arias-Almeyda at the Santa Teresa Border Patrol station. Arias-Almeyda stated that her native language was Spanish. The interview was conducted with the assistance of an FBI Spanish interpreter who participated in the interview via speaker phone to facilitate communication. Agents notified Arias-Almeyda of her *Miranda* rights using an FBI Advice of Rights form printed in Spanish language. Arias-Almeyda signed the Advice of Rights form and agreed to be interviewed.

10. After initially denying any physical altercation occurred, Arias-Almeyda admitted to biting BPA A.M. on his right arm and then brandishing a rock. Arias stated that she recognized BPA. A.M. to be an Agent of the United States Border Patrol before biting him.

11. At all times relevant, BPA A.M. was designated as an officer of an agency of the United States, and was engaged in the performance of his official duties, per 18 U.S.C. § 1114.

12. Assistant United States Attorney Richard Williams approved the Criminal Complaint against Arias-Almeyda

13. Based on the foregoing, there is probable cause to believe Arias-Almeyda violated Title 18 U.S.C. § 111(a)(1), assaulting a federal officer involving physical contact while the officer was engaged in the performance of his official duties.

_____
Matthew Ray, Special Agent
Federal Bureau of Investigation

Sworn to before me this
27th day of December 2019.

_____
CARMEN E GARZA

UNITED STATES MAGISTRATE JUDGE